945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold FRIEDMAN, Defendant-Appellant.
 No. 91-3044.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 Before BOGGS, Circuit Judge, WELLFORD, Senior Circuit Judge, and GIBBONS*, District Judge.
 PER CURIAM.
 
 
 1
 Harold Friedman appeals from the district court's refusal to grant him a new trial. He was convicted of racketeering activity and conspiracy under RICO, 18 U.S.C. § 1962(d), embezzlement of union funds, and of making false statements to the Department of Labor. He was forced to resign union and union-related positions, fined, and placed on probation following our affirmance of his conviction in 1990. Friedman then filed a petition for certiorari.
 
 
 2
 The circumstances involved in illegal Teamster union activities of defendant were related in our decision on the prior appeal. In brief, Friedman was alleged to have brought about the union's placing of two of his associates on its payroll in 1972 and hiring two others in 1977 and 1978, respectively, with the known consequence that none would actually be doing any legitimate union work. The Department of Justice later learned that several of Friedman's co-defendants were former FBI informants and a question arose as to whether the FBI authorized or brought about the hiring of any of the four Friedman associates for its own purposes in investigating illegal Teamster union activity in the Cleveland area. The status and knowledge of the alleged authorization of Jackie Presser, the union president, was involved. When Presser first became an FBI informant became an issue at the trial of Friedman.
 
 
 3
 Friedman seeks a new trial based on certain information, which he claims was suppressed, that would show that Presser was an FBI informant prior to the time that any of the alleged four "no show" associates were placed on the union payroll.
 
 
 4
 New trials based on newly discovered evidence are not favored, and are not granted unless the trial court denial of such a new trial is clearly an abuse of discretion. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). The standard of judgment for the district court determination is set forth in United States v. Barlow, 693 F.2d 954 (6th Cir.1982), cert. denied, 461 U.S. 945 (1983).
 
 
 5
 [T]he defendant must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried.
 
 
 6
 Id. at 966. The fourth element is modified if the prosecution has suppressed evidence. O'Dell, 805 F.2d at 641. In O'Dell, we noted that in United States v. Agurs, 427 U.S. 97, 111 (1976), the Supreme Court reduced the showing required under the fourth element to a showing of materiality.
 
 
 7
 The district court in this case was thoroughly familiar with the facts and circumstances involved and analyzed the factors involved with respect to Friedman's motion for a new trial. Among other things, Judge White concluded:
 
 
 8
 In addition, the government has supplied this Court with numerous examples in which Mr. Friedman could have learned that the F.B.I. had authorized the use of "no-show" employees. This Court is of the opinion that Mr. Hughes' testimony is cumulative at best, and the new evidence does little in the way of supporting a new trial pursuant to Rule 33 of the Federal Rules of Civil Procedure. Therefore, this Court will deny Mr. Friedman's request for a new trial.
 
 
 9
 For the reasons set out in the district court's memorandum and order dated January 3, 1991, we AFFIRM the denial of the motion for a new trial.
 
 
 
 *
 The Honorable Julia S. Gibbons, United States District Court for the Western District of Tennessee, sitting by designation